UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CRIMINAL MINUTES - GENERAL

| Case No. | CR 17-420 SJO | | Date | August 1, 2019 |
|---|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | Not Required |

| Victor Paul Cruz | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Suris et al | | xx | | Adrian M. Baca | xx | | xx |

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** [Docket No. 92]

This matter is before the Court on Defendant Maxim Sverdlov's ("Defendant") Motion to Suppress Evidence filed on July 9, 2019 ("Motion"). The Government opposed Defendant's Motion on July 16, 2019 ("Opposition"). Defendant replied on July 20, 2019 ("Reply"). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 5, 2019. (*See* ECF No. 102.) For the following reasons, Defendant's Motion is **DENIED.**

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2018, Defendant was charged in a thirteen-count First Superseding Indictment ("FSI") with the following:

(1)   Conspiracy to Commit Health Care Fraud in Violation of 18 U.S.C. § 1349'

(2)   Health Care Fraud in Violation of 18 U.S.C. § 1347;

(3)   Conspiracy to Commit Money Laundering in Violation of 18 U.S.C. §1956(h);

(4)   Causing an Act to be Done in Violation of 18 U.S.C. §2(b); and

(5)   Criminal Forfeiture in Violation of 18 U.S.C. §§ 981(a)(1)(c), 982(a)(1), 982(a)(7), and 28 U.S.C. § 2461(c)

(*See* FSI, ECF No. 52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: <u>CR 17-420</u>　　　　　　　　　　　DATE: <u>August 2, 2019</u>

On Friday, June 12, 2015, Special Agent Patrick Luk ("SA Luk") was conducting surveillance outside of Defendant's home, located on Oakfield Drive in Sherman Oaks, California ("Defendant's Home" or "Home"). (SA Luk Decl. ¶ 2, ECF No. 106.) SA Luk observed a woman leave the Defendant's Home, walk approximately 30 yards on the street of Oakfield Drive and throw away plastic trash bas into trash containers. (*Id.* at ¶ 3.) The same women then walked back down the street the way she had come, went through the front gate of Defendant's Home, and entered without trash bags. (*Id.*) Minutes after, SA Luk removed three blue plastic trash bags from a trash container without a warrant. (*Id.*) Upon opening and searching the trash bags, SA recovered documents related to the Defendant's 2014 birthday party for his daughter. (Mot. 3, ECF No. 92.) The items seized are the subject of Defendant's Motion and include the following:

(1) A draft invoice from Aliana Events;

(2) a proposed contract with Aliana Events;

(3) a credit card authorization;

(4) a receipt from the Montage Beverly Hills; and

(5) a confirmation letter from the Montage Beverly Hills.

(*Id.* at Ex. B, ECF No. 92-1.)

　　　A.　　<u>Instant Motion</u>

Defendant moves to suppress the items listed above. (*See* Mot., ECF No. 92.) Defendant argues that the items found must be suppressed because the alcove where his trash bins were located (the "Alcove") was curtilage which is protected by the Fourth Amendment. (*Id.*)

II.　　<u>DISCUSSION</u>

　　　A.　　<u>Legal Standard</u>

The Fourth Amendment provides: "[t]he right of the people. . .against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Searches and seizures that offend the Fourth Amendment are unlawful and evidence obtained as a direct or indirect result of such invasions is considered 'fruit of the poisonous tree' and is inadmissible under the exclusionary rule.'" *United States v. Lundin*, 47 F. Supp. 3d 1003, 1009 (N.D. Cal. 2014), aff'd, 817 F.3d 1151 (9th Cir. 2016) (quoting *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir.2013)) (citing *Wong Sun v. United States*, 371 U.S. 471, 484–87 (1963)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: <u>CR 17-420</u>　　　　　　　　　　　DATE:<u> August 2, 2019</u>

B.　<u>Analysis</u>

1.　<u>The Alcove Was Not Located on Defendant's Curtilage</u>

"Because the curtilage is part of the home, searches and seizures in the curtilage without a warrant are presumptively unreasonable." *United States v. Perea-Rey*, 680 F.3d 1179, 1184 (9th Cir. 2012) (citing *Oliver v. United States*, 466 U.S. 170, 180 (1984)).

Defendant argues that the Alcove is curtilage protected by the Fourth Amendment and that his rights were violated when SA searched his trash bin without a warrant. (Mot. 5.) The Government contends that the alcove is not curtilage and that the search was constitutional. The Court agrees.

Courts look to four factors in determining what constitutes curtilage: (1) the proximity of the area claimed to be curtilage to the home; (2) whether the area is included within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by people passing. *United States v. Dunn*, 480 U.S. 294, 301 (1987).

Here, the Alcove is located 30 yards from Defendant's Home and it is not included within the fence and tall vegetation that surrounds the home. (Mot. 6; SA Luk Decl. ¶ 3.) The Alcove is surrounded by a wall of shrubbery to its left, a utility pole in front of it, and stairs leading up to Defendant's Home to its left. (Mot. Exs. A, C, ECF No. 92-1.) On the day of the search, one bin near the Alcove stood in front of the utility pole, closer to the public walkway. (*Id.*) Moreover, the Alcove is not included within the tall shrubbery surrounding Defendant's Home. (*Id.*) The Alcove appears to exclusively represent a holding area for discarded trash. (*Id.*) Finally, it does not appear that Defendant took steps to protect the Alcove from outside interference. At any point in time, an individual walking past the Alcove could open up and inspect the contents of any of the trash bins located there. The Government notes that the trash bins were located in a public area because **six containers, rather than three,** in the Alcove suggests that other neighbors used it, the trash containers are in public view, and that the Alcove can be accessed by any pedestrian. (Opp'n. 3-5.) Moreover, typically, it is uncommon that an individual discards trash in bins outside their home, which are accessible to anyone who passes by, with the plan to hide items contained therein. Trash is typically placed in large outdoor bins for eventual collection, not repossession or storage.

The Court finds that because the Alcove was located in an area not enclosed within the home, was accessible to the public, and was used as a storage space for discarded items, it did not constitute curtilage. Thus, the Alcove did not require a warrant to be searched.

2.　<u>Defendant Did Not Have a Reasonable Expectation of Privacy in the Alcove</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Enter
JS-5/JS-6
Scan Only

Send
Closed

CASE NO.:    CR 17-420                                         DATE: August 2, 2019

In order to challenge a search on Fourth Amendment grounds, a defendant bears the burden of demonstrating that he or she had a legitimate expectation of privacy in the place searched. *United States v. Reyes Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010). "Furthermore, a defendant cannot suppress the results of a warrantless trash search unless he can establish that he "manifested a subjective expectation of privacy in [his] garbage that society accepts as objectively reasonable." *California v. Greenwood*, 486 U.S. 35, 39 (1988). An individual has no reasonable expectation of privacy in trash placed in garbage bags and left at the curb of a house because the trash was left in an area accessible to the public, for the express purpose of conveying it to a third party — the trash collector. *Id.* at 39–40. "It is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public." *Id.* at 40 (citations omitted). Further, "search or seizure of abandoned property, even without a warrant, is simply not unreasonable." *United States v. Wilson*, 472 F.2d 901, 902 (9th Cir.1972).

Although the Ninth Circuit has not explicitly addressed whether an expectation of privacy in trash that is **not** out for collection is reasonable, the Court notes two district court cases that are directly on point. In *United States v. Roberts*, a district court held that the search of a defendant's garbage can by the street in front of his house which was not out for collection was constitutional because under *Greenwood*, defendant did not have a legitimate expectation of privacy in his garbage can. *United States v. Roberts*, 2012 WL 2789107, at *7 (D. Nev. 2012) (citing *Greenwood*, 486 U.S. at 39-40). In *United States v. Washington*, a district court held that the warrantless search of a trash bin up against the curb on the street directly in front of a defendant's home, with no other bins nearby, was constitutional. *United States v. Washington*, 2012 WL 3638227, at *6-7 (E.D. Cal. 2012).

Here, Defendant's case serves as a hybrid of both *Roberts* and *Washington*. Similar to *Roberts*, Defendant's trash bins were searched by SA Luk on a day when the trash was not out for collection. Similar to *Washington*, one of the trash bins stuck out onto the street where it was visible, and where it was more visible than other bins in the Alcove because it was placed **in front of** a utility pole. Under the totality of circumstances, the Court finds that these similarities, coupled with the Supreme Court's holding in *Greenwood*, confirm that any expectation of privacy Defendant had in the trash bins and the Alcove was unreasonable. Thus, SA Luk's search was constitutional.

3.   Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Enter
JS-5/JS-6
Scan Only

Send
Closed

CASE NO.: **CR 17-420**  DATE: **August 2, 2019**

Defendant's Alcove was not curtilage warranting Fourth Amendment protection, and any expectation of privacy he had in the trash bin searched was unreasonable. As such, Defendant's Motion is **DENIED.**

III. RULING

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

IT IS SO ORDERED.