NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

ROBERT ZINK
Chief, Fraud Section
DANIEL J. GRIFFIN
Assistant Chief
ROBYN N. PULLIO
Trial Attorney
    United States Department of Justice
    Criminal Division, Fraud Section
    4811 Airport Plaza Drive, 5th Floor
    Long Beach, California 90815
    Telephone: (202) 774-7985 (Griffin)
           (202) 365-6897 (Pullio)
    E-mail: Daniel.Griffin3@usdoj.gov; Robyn.Pullio@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-420-SJO |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT SURIS'S MOTION TO SEVER COUNTS SIX THROUGH TWELVE OF THE FIRST SUPERSEDING INDICTMENT |
| v. | |
| ALEKSANDR SURIS, | |
| Defendant. | DATE: August 12, 2019<br>TIME: 10:30 a.m.<br>CTRM: 10C<br>JUDGE: Hon. S. James Otero |

    Plaintiff United States of America, by and through its attorneys of record, Daniel J. Griffin and Robyn N. Pullio, of the Fraud Section of the United States Department of Justice, hereby files this Opposition to Defendant Suris's Motion to Sever Counts Six through Twelve of the First Superseding Indictment.

1

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 12, 2019  Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

           /s/
DANIEL J. GRIFFIN
ROBYN N. PULLIO
Attorneys for Plaintiff
United States of America

**TABLE OF CONTENTS**

<u>DESCRIPTION</u>                                                      <u>PAGE</u>

MEMORANDUM OF POINTS AND AUTHORITIES................................3

I.   INTRODUCTION....................................................3

II.  THE CHARGES AGAINST DEFENDANT SURIS IN THE FIRST
     SUPERSEDING INDICTMENT..........................................4

III. ARGUMENT........................................................5

     A.   The Counts are Properly Joined under Rule 8...............5

     B.   The Court Should Deny Defendant's Request for
          Severance under Rule 14...................................7

          1.   **Severance Would Result in a Waste of Judicial
               Resources**..........................................8

          2.   **Defendant Suris Has Not Met His Burden of
               Establishing Manifest Prejudice**....................9

IV.  CONCLUSION.....................................................13

**TABLE OF AUTHORITIES**

**STATUTES**

18 U.S.C. § 152(3)). Dkt. No. 38.....................................5

18 U.S.C. §§ 1347, 2(b)).............................................4

21 U.S.C. §§ 331(k), 333(a)(2), 351(a)(2)(A)).......................5

**RULES**

Fed. R. Crim. P. 14............................................passim

Fed. R. Crim. P. 8...........................................1, 4, 7

Federal Rule of Evidence 404(b)..................................6, 9

**CASES**

Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)............8, 12

United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980))..8, 10

United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982).......12

United States v. Dorsey, 2015 WL 847395, at *28 (C.D. Cal. 2015)...11

United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971)).....5

United States v. Jawara, 474 F. 3d 565, 573 (9th Cir. 2007)......5, 6

United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987)......10

United States v. Khan, 993 F.2d 1368, 1377-78 (9th Cir. 1993)......12

United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986).........8

United States v. Lopez, 477 F.3d 1110, 1117 (9th Cir. 2007).......13

United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988).....8

**MISCELLANEOUS**

Devitt, Blackmar & O'Malley, 2 Federal Jury Practice and
    Instructions § 24.07 (4th ed. 1990) ...........................6

Ninth Cir. Crim. Jury Ins. 3.11...................................12

Ninth Cir. Crim. Jury Instr. 8.128A................................6

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Aleksandr Suris ("Suris") seeks to sever Counts Six through Twelve, which charge him with Conspiracy to Commit Health Care Fraud (Count 6) and Health Care Fraud (Counts 7-12), from the remaining counts in the First Superseding Indictment ("FSI") (Counts 1-4 and Count 13). Defendant's Motion is without merit and should be denied. Under Ninth Circuit law, Counts 6-12 are properly joined with the other counts under Rule 8, and defendant fails to meet his burden for severance under Rule 14 because trying the counts together serves judicial economy without "manifest prejudice" to the defendant.

First, all of the charged counts in the FSI are properly joined under Rule 8 because they are of the same or similar character, as demonstrated by the following factors: (1) the elements of Counts 6-12 are the same as Counts 1-4; (2) the counts all occurred in the same time period; (3) the evidence of the charged crimes overlaps to the degree it is nigh identical; (4) all the counts took place in Los Angeles County involving false claims submitted by Royal Care Pharmacy; and (5) the health care fraud in Counts 6-12 involve the same modus operandi as Counts 1-4: Royal Care fraudulently billing insurers for brand name medications that were never dispensed, with the only difference being the insurer victim in Counts 1-4 is Medicare and the insurer victim in Counts 6–12 is Cigna.

Second, defendant Suris has not met his burden to show that these properly joined counts should nonetheless be severed under Rule 14 because trying the counts together serves judicial economy without "manifest prejudice" to the defendant. And even if the counts are

3

severed, the government would seek to introduce evidence relating to defendant Suris's fake billing scheme that make up Counts 1-4. Therefore, severing Counts 6-12 from the rest of the counts in the FSI would require almost all of the same evidence and witnesses to be presented in two separate trials, which unnecessarily wastes judicial resources. Moreover, defendant has not met the high bar of demonstrating that "manifest prejudice" would result from trying the counts together. That counsel for co-defendant Maxim Sverdlov ("Sverdlov") questioned the government's witness, Dimitry Gotlinsky, about additional Cigna-related fraudulent conduct is not the type of conduct likely to interfere with the jury's ability to consider appropriately the evidence of the charged health care fraud scheme on Cigna in Counts 6–12. Moreover, any potential jury confusion will be corrected by the standard jury instruction that the jury must determine their verdict on Counts 1-4 and Counts 6-12 separately.

    For these reasons, as explained in further detail below, defendant's motion to sever Counts 6-12 should be denied.

**II. THE CHARGES AGAINST DEFENDANT SURIS IN THE FIRST SUPERSEDING INDICTMENT**

    Both defendant Suris and defendant Sverdlov are charged in the FSI with defrauding Medicare through Royal Care Pharmacy's submission of false claims for prescriptions that were billed but never dispensed by the pharmacy, and obtaining false invoices to cover up the scheme. Accordingly, as to the Medicare fraud, both defendants were charged with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count 1); four counts of health care fraud, in violation of 18 U.S.C. §§ 1347, 2(b)); and one count of money laundering conspiracy, in violation of 18 U.S.C.

4

§§ 1956(h). [FSI ¶¶ 15-20.] Defendant Suris alone is charged in the FSI with an identical health care fraud scheme whereby Royal Care Pharmacy again submitted false claims for prescriptions that were billed but never dispensed by the pharmacy and obtained false invoices to cover up the scheme, with the difference being that the that the victim insurer is Cigna instead of Medicare. Accordingly, defendant Suris alone is charged with an additional count of health care fraud conspiracy as to Cigna (Count 6) and six counts of health care fraud as to Cigna (Counts 7-12). [Id. ¶¶ 21-30.]

**III. ARGUMENT**

**A.  The Counts are Properly Joined under Rule 8**

Federal Rule of Criminal Procedure 8 governs the joinder of offenses. The rule allows for joinder where two or more offenses against the same defendant: (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8 (a). The Ninth Circuit has noted that Rule 8 "'has been broadly construed in favor of initial joinder.'" United States v. Jawara, 474 F. 3d 565, 573 (9th Cir. 2007) (quoting United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971)). Here, joinder of the Cigna health care fraud counts (Counts 6-12) with the other counts in the FSI is appropriate because they are of the "same or similar" character.

The "validity of the joinder is determined solely by the allegations in the indictment." Jawara, 474 F.3d at 573 (quotations omitted). In determining whether offenses are of a "same or similar character," the Ninth Circuit considers a number of factors, including "[1] elements of the statutory offenses, [2] the temporal

5

proximity of the acts, [3] the likelihood and extent of evidentiary overlap, [4] the physical location of the acts, [5] the modus operandi of the crimes, and [6] the identity of the victims." Id. at 578. The first five factors demonstrate that all counts in the FSI are properly joined.

First, the elements of Counts 6-12 and Counts 1-4 are the same. Both involve the defendant defrauding a health insurance provider: Medicare in Counts 1-4[1] and Cigna in Counts 6-12.

Second, Counts 6-12 are alleged to have occurred within the time period alleged for Counts 1-4: Counts 6-12 are alleged to have occurred between December 2012 and January 2015 [FSI ¶¶ 25, 28], and Counts 1-4 are alleged to have occurred between March 2012 and March 2015 [id. ¶¶ 15, 18].

Third, the evidentiary overlap is high. The fraud scheme charged in Counts 1-4 is the same scheme as that charged in Counts 6-12, with the only difference being the insurance carrier: Medicare versus Cigna, respectively. Indeed, the facts alleged in Counts 6-12 are almost identical to those alleged in Counts 1-4, including that, in both schemes, defendant Suris fraudulently billed medications that Royal Care never dispensed; in both schemes, defendant Suris obtained sham invoices from TriMed from CC-4 to make it appear as though Royal Care had actually purchased the medications billed from TriMed, when it had in fact not done so; in both schemes, the sham invoices fraudulently inflated the pharmacy's inventory; in both schemes, Suris paid TriMed for the sham invoices; in both schemes, Suris used

---

[1] Based on the government's motion, the Court dismissed Count Five of the FSI, which charged an additional count of health care fraud on Medicare.

the sham invoices as a vehicle to return cash from the fraud to Suris through the co-conspirator at TriMed returning a portion of the sham invoice amounts to the defendant in cash; and in both schemes, the proceeds of the fraud were deposited into the same Royal Care Pharmacy bank account. Compare FSI ¶¶ 16 & 26. Moreover, if the Court were to sever Counts 6-12 from the remaining counts in the FSI, the government would seek to admit the same facts and evidence that Royal Care Pharmacy billed for medications that were not dispensed during the trial of the remaining health care fraud counts either as inextricably intertwined with that charged conduct or pursuant to Federal Rule of Evidence 404(b) as evidence of defendant's motive, intent, and plan.

Fourth, all of the Counts in the FSI took place at defendant's pharmacy, Royal Care, in Los Angeles County. Id. ¶¶ 16, 18, 19, 25, 26, 28, 29.

Fifth, the modus operandi of all of the crimes alleged in the FSI is the same — all of the health care fraud crimes involve defendant Suris profiting from medications that were billed to either Medicare or Cigna and not dispensed from Royal Care Pharmacy. Based on the five foregoing factors, all the counts in the FSI are of the "same or similar character" and therefore are properly joined under Rule 8.

### B. The Court Should Deny Defendant's Request for Severance under Rule 14

Counts 6-12 should not be severed under Rule 14 because trying the cases together serves the interest of judicial economy, and does not manifestly prejudice the defendant.

Rule 14 allows for severance if the joinder of offenses "appears

7

to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The Ninth Circuit instructs that "'joinder is the rule rather than the exception.'" See United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). Accordingly, a court should deny a motion to sever unless the defendant can show that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled the exercise of the court's discretion to sever." Id. (quotations omitted). Defendant bears the burden to demonstrate "clear, manifest, or undue" prejudice of such magnitude that, without severance, the party's right to a fair trial will be denied. United States v. Vasquez-Velasco, 15 F.3d 833, 845-46 (9th Cir. 1994) (internal quotations and citations omitted). See also Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) ("The requisite level of prejudice is reached only if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict."); United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986) ("The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged.").

### 1. Severance Would Result in a Waste of Judicial Resources

The Ninth Circuit has held that the "dominant concern" when ruling on a severance motion is "judicial economy." Armstrong, 621 F.2d at 954. Here, severance would result in a substantial duplication of efforts in two separate trials with essentially identical witnesses and evidence.

Moreover, the evidence proving Counts 1-4 and Counts 1-6 are interrelated. As such, even if Counts 6-12 were severed, the

8

government would still seek to admit this related evidence in a trial of Counts 1-4 either as inextricably intertwined with the charged conduct or pursuant to Federal Rule of Evidence 404(b). Evidence of defendant Suris committing the exact same fraudulent conduct at the exact same pharmacy with the same time period provides evidence related to defendant's state of mind, intent, lack of accident, and plan related to Counts 1-4: i.e., defendant Suris intended to defraud Cigna in the exact same way he was defrauding Medicare. Accordingly, this reduces the prejudice from a joint trial. See United States v. Johnson, 820 F.2d 1065, 1070-71 (9th Cir.1987) (affirming denial of severance motion where evidence of one count would have been admissible to prove identity with regard to the other count under Federal Rule of Evidence 404(b)).

Were the Court to sever Counts 6-12 from Counts 1-4 and 13 in the FSI, this evidence would need to be presented twice to two separate juries. This would constitute a substantial and unnecessary waste of the Court's resources.

### 2. Defendant Suris Has Not Met His Burden of Establishing Manifest Prejudice

In light of the substantial waste of judicial resources that would result from a severance, defendant Suris has not met the high bar of showing "manifest prejudice" to justify a severance here.

In reviewing the prejudicial effect of a joint trial, the Ninth Circuit considers the following factors: "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the

9

legal concepts involved are within the competence of the ordinary juror; and (4) whether [defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Sullivan, 522 F.3d 967, 982 n.9 (9th Cir. 2008) (quoting United States v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004)). Defendant has the burden of demonstrating that trying the counts together would be "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy." Armstrong, 621 F.2d at 954. See also Vasquez-Velasco, 15 F.3d at 845 ("Rule 14 sets a high standard for a showing of prejudice."). Defendant Suris has not made this showing, and defendant's request for severance under Rule 14 should be denied.

As an initial matter, the Ninth Circuit has held that "[i]f all the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder." United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987). As discussed above, the government would seek to introduce the evidence and facts related to Counts 1-4 in a trial of Counts 6-12 even if the Court were to sever those counts. The fact that defendant Sverdlov's counsel questioned a government witness, Mr. Gotlinsky, concerning uncharged conduct related to Cigna, and that such evidence may not be admissible at a trial solely on Counts 1-4 does not merit severance under Rule 14. Rather, "[w]hen evidence concerning the other crime is . . . not admissible, our primary concern is whether the jury can reasonably be expected to 'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of

another crime." Id. at 1071.

First, defendant has not explained why the jury could not compartmentalize the evidence that was elicited during Mr. Gotlinsky's testimony. Defendant argues that defendant has been prejudiced at a trial on Counts 1-4 by the introduction of evidence that defendant Suris engaged in additional Cigna-related fraudulent conduct by paying Mr. Gotlinsky for more prescriptions than what was charged in the FSI as charged in Counts 6-12. Def't Mot. at 4. Such a general argument about alleged prejudice is not sufficient to justify severance under Rule 14. See, e.g., United States v. Dorsey, 2015 WL 847395, at *28 (C.D. Cal. 2015) (denying motion where defendant's "arguments boil down to the generic proposition that a jury cannot compartmentalize evidence of distinct but similar crimes"). Further, the Court's ability to instruct the jury appropriately as to separate consideration of each count is of central importance. See Vasquez-Velasco, 15 F.3d at 846 (9th Cir. 1994) ("Central to this determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence."); United States v. Ford, 632 F.2d 1354, 1274 (9th Cir. 1980) (refusal to sever upheld "[w]here the district judge has instructed the jury as to the admissibility of evidence and the appellants have failed to show an inability on the part of the jury to compartmentalize the evidence as it relates to each defendant"), overruled on other grounds by United States v. DiFrancesco, 449 U.S. 117, 137 (1980). Indeed, defendant Suris does not and cannot demonstrate how he would be prejudiced by the joinder of all counts, given the overlapping evidence that has been introduced to prove such counts.

11

Second, the Court can take steps to ensure that the jury properly compartmentalizes the evidence at trial, including providing instructions that the jury must consider the evidence on each count separately.[2] The government will be requesting such an instruction. The Court could also fashion more specific jury instructions to address defendant Suris's concerns of potential prejudice in this case. With proper instructions to the jury, the Court can alleviate any potential prejudice to defendant from having the counts tried jointly. See Woodford, 384 F.3d at 639 (stating that any prejudice from joinder "was further limited through an instruction directing the jury to consider each count separately"); United States v. Khan, 993 F.2d 1368, 1377-78 (9th Cir. 1993) (government's introduction of evidence regarding defendant's prior drug trip was not unfairly prejudicial when accompanied by limiting instruction); United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur.").

Third, defendant has not and cannot show that the nature of the evidence and the legal concepts involved in Counts 6-12 are outside the competence of the ordinary juror.

//

---

[2] See Ninth Cir. Crim. Jury Ins. 3.13 ("Separate Consideration of Multiple Counts – Multiple Defendants"):
> A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant. All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant.

12

Finally, defendant has failed to show, with any particularity, a risk that the joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence. Even if there is some minimal prejudice to defendant Suris, that minimal prejudice is outweighed by the burden on judicial resources that would result from multiple trials where the same evidence would be presented in separate cases. See United States v. Lopez, 477 F.3d 1110, 1117 (9th Cir. 2007) (denying severance of counts under Rule 14 because "[t]he burden on judicial resources that would have resulted from hearing the charges and evidence against [the defendant] in multiple trials outweighs any limited prejudice that [the defendant] may have experienced.").

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant Suris's motion to sever Counts 6-12.

Dated: August 12, 2019         Respectfully submitted,

                               NICOLA T. HANNA
                               United States Attorney

                               BRANDON D. FOX
                               Assistant United States Attorney
                               Chief, Criminal Division

                               ROBERT ZINK
                               Acting Chief, Fraud Section

                                  /s/
                               DANIEL J. GRIFFIN
                               Assistant Chief
                               ROBYN N. PULLIO
                               Trial Attorney
                               Fraud Section, Criminal Division

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA